THOMAS HAWKINS *use of* ALEXANDER MUNDELL *vs.* CATHA-
RINE BOWIE, *adm'x of* JOHN B. BOWIE.—*June*, 1838.

A writ of error, *coram nobis*, lies to correct an error *in fact*, in the same
court, where the record is.

But an error *in law*, which is the default of the judges, the same court cannot
correct, by writ of error, or without; such error should be redressed by
another court.

The death of the plaintiff before the impetration of the writ, should be
pleaded in abatement.

The rejection by the county court, of a plea that the plaintiff is, and was a
slave at the time the single bill was given upon which the suit was brought,
whether right or wrong, furnishes no ground upon which the same court
could reverse its own judgment, by a proceeding in error, *coram nobis*,
being, if an error at all, an error in law.

An appeal will lie, from the judgment of the county court, reversing upon
error, *coram nobis*, their former judgment, and rendering judgment for
costs, in favour of the party suing such writ.

APPEAL from *Prince George's* county court.

This was a *writ of error, coram nobis*, to the judges of
said county court, sued out on the 1st day of December,
1835, by the appellee suggesting that the said *Thomas Haw-
kins* for the use of *Alexander Mundell*, by the judgment of
*Prince George's* county court, had recovered against the said
appellee, as well the sum of $213 current money, a certain
debt, as the sum of $42 10, for his costs and charges by him
about his suit in that behalf expended, &c.; and because, in
the record and proceedings of said judgment, a manifest
error, as it is said, hath happened, to the great damage of
the said appellee, as of her complaint hath been stated, and
as it is right, that the error, if any hath been, should be duly
corrected, and full and speedy justice done to the said ap-
pellee.   *Therefore,* you are hereby commanded, that if the
judgment therein be given, then the record and process afore-
said, which in said court now remains as it is said, being
inspected, you further cause to be done thereunto, correct
that error which of right, and according to the laws and cus-
toms of this state, ought to be done.

After an appearance for the *cestui que* use of the judgment

and prayer that the appellee assign errors, the following errors were assigned :

1. That before the entry of the judgment, and also before the impetration of the writ original in this cause, *Thomas Hawkins*, the plaintiff in said suit, was, and for a long time before had been dead, and so the said judgment is erroneous and void.

2. That before the execution of the bill obligatory upon which said suit was brought, the said *Thomas Hawkins* was, and always previous and subsequent thereto had been, and *continued to be a slave for life*, and incapable in law to maintain said suit, and so the said judgment is erroneous and void in law.

At this stage of the cause, the death of the equitable plaintiff was suggested, and Samuel Coe, administrator of *Mundell*, appeared to the cause and pleaded to said assignment of errors.

" That after the rendition of the original judgment mentioned and referred to, &c. there did issue a *scire facias* to revive the same in the name of the said *Alexander Mundell* who claimed the same by assignment, and who was entitled to the proceeds thereof, and upon the said *scire facias* a *fiat* was rendered in favour of the said *Alexander Mundell*, who claimed the same by assignment in his life-time, who was alive at the time of the said *fiat*, and therefore the said defendant says that the said second judgment or *fiat* was properly and legally rendered, and that there is no error therein.

And as to the second ground of error stated in the said petition and declaration, the said defendant says that the same ought to have been pleaded in abatement of the action, and therefore the said defendant demurs thereto, and says that the matters and things therein set forth are not sufficient in law to prevent his having a recovery on said judgment, and therefore the said defendant says there is no error therein or in the rendition of the said judgment, and this the said defendant is ready to verify—wherefore, he prays judgment, &c. the plaintiff in error as to the second ground of error by her above assigned, joined in the demurrer.

The plaintiff in error then, inasmuch as the said defendant hath not rejoined to the said second assignment of error or in any wise denied the same, prayed that the judgment aforesaid might be vacated, reversed, &c.

At the trial of the cause, the parties filed the following statement of facts, viz:

In this case a suit was brought in the name of *Thomas Hawkins*, for the use of *Alexander Mundell*, against *Catharine Bowie*, administratrix of *John B. Bowie*, in Prince George's county court, on the 18th day of March, in the year 1830. At the trial of the case, to wit: at October term, 1831, the defendant pleaded the following plea in abatement, to wit: and the said *Catharine Bowie* as administratrix as aforesaid, comes and prays judgment of the writ aforesaid, because she says, that the said *Thomas Hawkins*, at whose suit the same writ is above supposed to be impetrated, against her, the said *Catharine*, at the time of impetrating that writ, and long before, was dead, and that there is not, nor at the time of impetrating the aforesaid writ against her, the said *Catharine*, was there any such person in being as the said *Thomas Hawkins*, as by the said writ is above supposed, and the said *Catharine* is ready to verify, and therefore prays judgment of the said writ, and that the same may be quashed.

The plea was verified by affidavit, but was rejected by the court, upon the ground that the plea being a plea in abatement, was pleaded too late under the rules of court.

It is agreed that the record now remaining in the court of Appeals, may be used in the trial of this cause, to shew the questions which were there determined. The judgment of the county court, at April term, 1832, the case being continued to that term, which was for the defendant, being reversed by the court of Appeals, and sent back with a procedendo to the April term in the year 1834, the defendant at the trial term, to wit: at the November term, 1835, filed the following pleas: "And the said defendant, by his attorney, comes and defends the force and injury when, &c. and says that at the time of the issuing of the writ original in this

cause, *Thomas Hawkins*, the person in the said writ named as the plaintiff, at the time of the impetration thereof, and for a long time before, was dead, and this, she, the said defendant, is ready to verify; wherefore, she prays judgment of the said writ, and that the same may be quashed," &c.

And the said defendant, by her attorney aforesaid, comes, and with leave of the court here first had and obtained, further defends the wrong and injury, when, &c. and says, that at the time of the making of the bill obligatory aforesaid, the said *Thomas Hawkins*, the person named in the writ original in this cause, as the plaintiff was, and always continued, to be a slave, to wit, at the county aforesaid, and this the said defendant is ready to verify ; whereupon, the said defendant prays judgment, if the said plaintiff his action aforesaid to have or maintained ought, &c.

Which, upon motion of the plaintiff's counsel, were not received by the court, and a judgment at that term was entered for the plaintiff, to wit :

*Prince George's County Court—November term*, 1835.

| ALEXANDER MUNDELL, use of Thomas Hawkins, *vs.* CATHARINE BOWIE, Exe'tx of John B. Bowie. | Procedendo record from the court of Appeals. Pleas filed. Rule, Replication *ne recipiatur* to Pleas. Dec. 1, 1835. Judg't for pl'tff by default. |

The defendant on the same day the judgment was rendered against her, to wit, on the 1st of December, 1835, filed the following petition in this case, to wit :

The petition of *Catharine Bowie*, the above defendant, respectfully represents to the honourable the Judges of *Prince George's* county court, that before the impetration of the original writ in this cause, *Thomas Hawkins*, the plaintiff in said writ mentioned, was, and for some time before the impetration, had been dead ; and your petitioner further says, that the said *Thomas Hawkins*, the plaintiff in said suit named, at the time of the execution of the bill obligatory in said suit mentioned, was, and always continued to be, a slave for life. Your petitioner would further shew to your honours, that

a judgment has been rendered against your petitioner, not-
withstanding the above facts ; and your petitioner would hum-
bly pray your honours, to grant to your petitioner a writ of
error, *coram nobis*, to correct the record of said judgment be-
fore you remaining, and as in duty bound will ever pray, &c.

*State of Maryland—Prince George's County, sct.*

On this 1st day of December, in the year of our Lord eigh-
teen hundred and thirty-five, personally appears before the
subscriber, a justice of the peace of the state of *Maryland* in
and for said county, *Samuel Sprigg*, and makes oath on the
holy evangely of Almighty God, that *Thomas Hawkins*, the
plaintiff in the suit of *Thomas Hawkins* use of *A. Mundell*,
against *Catharine Bowie*, administratrix of *J. B. Bowie*, died
some time in the year eighteen hundred and twenty-two ; and
this deponent further says, that the said *Thomas Hawkins* was
born a slave, and continued a slave to the day of his death.

Sworn before          JOHN ANDERSON.

Upon which petition the court, on the same day, passed the
following order :

" *Mr. Beale*, in the case of *Thomas Hawkins* use of *A. Mun-
dell*, against *Catharine Bowie*, administratrix of *J. B. Bowie*,
issue a writ of *coram nobis*, as prayed.          C. DORSEY."

And thereupon the defendant filed an assignment of errors.
The plaintiff thereupon filed a general demurrer to the assign-
ment of errors ; but the court being of opinion that the grounds
of error were valid, reversed the judgment, and from that re-
versal the plaintiff appealed.

It is admitted that the said *Thomas Hawkins*, the legal
plaintiff, was born a slave, and continued a slave up to the
time of his death, although an attempt was made by his mas-
ter, the late *Osborn Sprigg*, to manumit him by his last will
and testament, which was inoperative in consequence of the
said *Hawkins* being above forty-five years of age at the death
of the said *O. Sprigg*. It is admitted that *Samuel Sprigg*,
the residuary devisee and legatee of said *O. Sprigg*, suffered
the said *Hawkins* to go at large and act for himself. It is
also admitted, that the said *Thomas Hawkins* was dead be-

fore the commencement of the original suit first herein before mentioned. From the judgment of the county court, reversing the judgment in favour of the plaintiff, as stated in the aforegoing statement of facts, the present appeal is taken by the plaintiff; and the question is, whether that judgment of reversal was right. And it is agreed that this statement of facts shall form a part of the record to the Court of Appeals.

The county court rendered judgment for the plaintiff in error; reversed and annulled the original judgment with costs; and from this the defendant in error appealed.

The cause was argued before BUCHANAN, Ch. J., ARCHER, DORSEY, CHAMBERS, and SPENCE, Judges.

THOMAS F. BOWIE, for the appellant.

The first question arises on the motion to dismiss the appeal. The county court not only struck out the first judgment, but upon the writ of error rendered another judgment for costs. This is final and conclusive; it settles rights, and from such a judgment an appeal will lie. It is not like the case of striking out a judgment for irregularity, and leaving parties to further proceedings; but the action of the court has here terminated. From every final judgment an appeal will lie; and upon that appeal the court can correct all errors, though not themselves the subject of an independent appeal. *Boteler and Belt vs. State, use Chew,* 7 *Gill and Johns.* 113. This, however, was not a case for a writ of error *coram nobis* at all. Two grounds of error were assigned, both errors of law. An appeal lies for errors in law. Error in fact is corrected by the writ sought in this case. It will correct a mistake of the clerk.

But the facts constituting the error must be properly pleaded. Assignments of error are regulated as pleas are. Errors of fact and errors of law cannot be united in the same assignment; nor two independent facts. I contend the court should not have noticed the assignment. 6 *Com. Dig. Err.* 458, *b.* 3, *p.* 15. *Fitzh. N. B.* 45.

The assignment being informally and badly pleaded, should not have been sustained below. Instead of concluding issuably to the country, it concludes with a verification; but independent of all questions of form, will this writ lie in this cause?

The first ground of error was matter in abatement exclusively. If a defendant pleads over, he waives matter in abatement. 6 *Randolph,* 110, 120. Matter of abatement waived, is not ground of a writ of error *coram nobis.* 10 *Vin. Abrid. Error,* B. Pa. 2, sec. 9, 10. A plea to the action, any act in affirmance of the writ is a waiver of this writ. *Grosvenor and Stephens,* 10 *Mod.* 166. 9 *Vin. Ab.* 529, *N. A.* sec. 16.

The second ground is matter either in bar or in abatement, and so not good under this writ. It is, however, in abatement; it is to the disability of the plaintiff. *Arch. Civil Plea.* 299. When matter is pleaded and over-ruled, it cannot be repeated in this form. 10 *Vin. Ab.* 2. *Fitzh. N. B.* 50. 6 *Com. Dig.* 459.

PRATT, for the appellee.

The pleas offered on behalf of the plaintiff in error, in the first cause, in which she was defendant, that the plaintiff in that action, *Hawkins,* was a slave and dead, having been rejected on the ground of being too late under the rules of the county court, and no appeal lying from such rejection, no other remedy remained to correct this erroneous proceeding but the one afforded by the writ of error *coram nobis. Marine Ins. Co. vs. Hodgson,* 6 *Cranch,* 217. The remedy is given in this form on the ground of policy. A dead man cannot prosecute a cause. A slave cannot contract. The act of the court deprives us of those defences, and if not remediable in this form, the judgment must remain.

This appeal should be dismissed. The nature of the proceedings demonstrate this. It is an inquiry into facts, and intended to correct errors of fact. 2 *Sellon's Prac.* 400.

Where a court has power to issue a writ to correct its own errors, it cannot be that an appeal lies from a judgment making

the correction. Amendments, grants, or refusals of new trials, which are all of a kindred character to the action of the court in this cause, are not the objects of an appeal. The court below is better able to judge of the propriety of its action on such matters than the appellate court.

Again: an appeal will not lie here, for the judgment is not final and conclusive. It is not a final judgment for the plaintiff. In terms, it restores the defendant and gives costs, but those are merely the costs of the proceedings to restore: a judgment for costs in this particular case. *Boteler and Belt vs. State, use Chew,* 7 *Gill and Johns.* 113. This judgment restores the suit, puts the plaintiff under a new rule to plead, and permits the parties to urge new defences. But suppose the proceedings regular, and the writ properly grantable, and the appeal well taken, then was the decision proper. A slave can make no contract, nor maintain any action. *Hall vs. Mullin,* 5 *H. and J.* 190. 1 *Chitty,* 386. The defence here went to destroy the action. It was a plea in bar. It was refused, on what ground does not appear. That the court did right in refusing the plea is not sustainable. Then no other course was left but the writ of error sued out. 6 *Com. Dig.* 459. 3 *B.* 16. There were two assignments of errors. The first was not answered. To the second, there is a demurrer and joinder. The defence was, plaintiff a slave. The answer in law was, that fact is matter in abatement. We insist it was in bar, and no other remedy left us. 2 *Sellon,* 401. If we have been guilty of duplicity in assigning two grounds of error in one assignment, this is the subject of special demurrer. 6 *Com. Dig.* 462. 3 *B.* 18. The *first* assignment was never tried. No issue was joined on it. No judgment taken on it. Therefore it is not here. A judgment in favour of a dead man is a nullity. No execution can go on it. Administration is necessary to enforce the rights of the dead. But here is a slave; no administration can be granted. The judgment is of no avail, for by no mode of procedure can it be enforced.

J. M. CAUSIN, in reply:

After stating the facts, and adverting to the original proceedings and judgment between the same parties, insisted that it was not until after the rendition of the second judgment that the fact of slavery had been presented to the court as a defence to this action.   Five years after the origin of the controversy, it was made the ground of re-instating a cause.   The fact alleged was in the knowledge of the defendant in the action from the commencement; and if not availed of in due season, his own *laches* form no ground of complaint.

Pleas in bar, may be put in at any time: if they are refused, the refusal forms a proper ground of exception and appeal.   *Union Bank vs. Ridgely,* 1 *Har. and Gill,* 406. The court below upon this writ, proceeded on the ground of error in the previous proceedings—not on the ground of error of fact, or mistake of their clerk.

The decision below prevented the further prosecution of the suit, though not technically a final judgment.   *Boteler & Belt vs. State, use Chew,* 7 *Gill and John.* 113.   Where a judgment is stricken out, it is error not to enter the continuances, and put the cause in a position for trial; hence, the right of appeal exists here.   *Munnikuyson vs. Dorset,* 2 *Har. and Gill,* 378.   *State, use Sadler, vs. Cox, Ib.* 382.

But this is not a case for a writ of error *coram nobis*—perhaps this is not a writ of error at all.   It is a ministerial writ to correct the errors of the court.

The error of law—refusing to receive pleas must be corrected in another form.   2 *Tidd. Pr.* 1192.   Disability to sue is a proper plea in abatement.   *Arch. C. P.* 299.   A plea which annuls the contract, is in bar, it goes to the merits.

A contract between a *third* party and a slave is not void, It is voidable; it may be good under circumstances.   *Hall vs. Mullin,* 5 *Har. and John.*   The law only demands that the master should assent to the slave's contracts.   The assent renders them valid.   The slave was suffered to act for himself.   A master permitting a slave to go at large is liable to a penalty; hence a presumption of freedom.   In this view,

the contract may have been valid, and the policy of the law is against an examination into the facts at this distant period.

If the pleas rejected were in abatement, the rejection was regular: but the office of the writ of error has been mistaken in this case.   2 *Tidd.* 1191.

SPENCE, Judge, delivered the opinion of the court.

A writ of error *coram nobis*, lies to correct an error in fact, in the same court where the record is; as if there be error in the process, or through default of the clerk, it shall be reversed in the same court, by writ of error sued thereon before the same justices.   *Sellon's Pra.* 399.

But of an error in law, which is the default of the justices, the same court cannot reverse the judgment by writ of error; nor without a writ of error, but this error ought to be re-dressed in another court, before other justices, by writ of error.   *Fitzh. N. B.* 49, 50.

It is our design, in reviewing this cause, to inquire, first, whether the errors assigned fall within that class, which may, according to the rules and principles of law, be revised and corrected by writ of error *coram nobis;* namely, whether they be errors of fact, for such errors only, can warrant the same court to reverse a judgment, because, error in fact, is not the error of the judges.   Therefore, the reversing such judgment, is not reversing their own judgment.

The first error assigned was, that before the impetration of the writ original in that cause, *Thomas Hawkins,* the plain-tiff in said suit named, was, and for a long time before, had been dead.   The fact here assigned for error, was pleaded by the defendant and rejected by the county court, before the judgment; upon the ground, that being a plea in abatement, it was pleaded too late under the rules of the court; this appears by the statement of facts agreed to by the counsel in the cause.

We are of opinion that the death of *Hawkins,* the plaintiff, before the impetration of the writ, was matter proper to be pleaded in abatement.   Death of plaintiff before suit, pleaded in abatement.   1 *Chit. P.* 86.   All matters of abatement in and before the writ should be pleaded.

But whether the county court properly rejected this plea or not, can have no influence upon the conclusion, for if they correctly rejected this plea, their act could never form the ground of reversal; and if the court erroneously rejected the plea, it was an error of the court, and does not belong to that class, which may be corrected by writ of error *coram nobis*; so that the first error assigned could in no aspect of the case, be a ground for reversal of the judgment in proceeding *coram nobis*.

The second error assigned by the plaintiff in error is, that at the time of making the bill obligatory, the said *Thomas Hawkins*, the person named in the writ original in this cause as plaintiff, was and always continued to be a slave. This plea also was rejected by the county court; on what ground, the record does not inform us; but whether the court were in error or not, cannot affect this decision. If it were error, it was error in law, and manifestly does not belong to the class of errors which may be corrected by proceeding in error *coram nobis*, and surely, if the court were right in rejecting this plea, it cannot be made properly a ground for reversing their judgment.

The only remaining question for our adjudication in this case is, whether the act of the county court brought before us on this appeal, is one from which an appeal will lie.

The court revoked, annulled, and set aside as entirely void, the judgment against *Catharine Bowie*, and restored her to all things which by reason of the judgment she had lost, and rendered judgment in favour of the said *Catharine Bowie* for her costs. Now, if reversing the original judgment and awarding costs to the plaintiff in error in this proceeding in error *coram nobis*, was not so far final as to fall within that class of judicial acts from which an appeal will lie to this court, we cannot see the reason, nor can we well conceive of any remedy the parties would have, if the county courts were to undertake to vacate and annul all the judgments on their records. We therefore reverse the judgment.

**JUDGMENT REVERSED.**